UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNAE RAJSHAN HOYT,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY CHAMBERLAIN, et al.,<br><br>    Defendants. | No. 2:20-cv-1303 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 4. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
////

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that defendants Chamberlain, Fisk, Cochran, and Quiring violated plaintiff's rights under the First, Eighth, and Fourteenth Amendments. ECF No. 1. Specifically, plaintiff alleges that on September 27, 2019, he asked non-defendant Stewart if he could leave his job to seek emergency psychiatric treatment because he was experiencing flashbacks due to his complex PTSD. Id. at 3. The request was granted, but Chamberlain, who was Stewart's superior, called plaintiff's counselor and told her that plaintiff was not allowed to return to his job and then wrote him up for refusing to perform his assigned duties. Id. Chamberlain's conduct was allegedly prompted by a staff complaint plaintiff had filed against her earlier that day and because plaintiff has PTSD. Id. at 3-4.

Fisk conducted the disciplinary hearing for the rules violation during which he refused to allow plaintiff to call his witness or to consider any of plaintiff's evidence, and told plaintiff that he had no right to leave work for mental health treatment. Id. at 5. Plaintiff alleges that Fisk found him guilty because of the complaint he had filed against Chamberlain and because he has PTSD. Id. As a result of the violation, plaintiff was assessed a thirty-day loss of privileges. Id.

Cochran and Quiring denied plaintiff's appeal against Chamberlain and Fisk at the first and second level. Id. at 7-8. In addressing the appeal, both defendants refused to address the

main issues of the appeal and told plaintiff that he had no right to emergent mental health treatment. Id.

   IV. Claims for Which a Response Will Be Required

Plaintiff's allegation that Chamberlain issued him a rules violation because he filed a staff complaint against her is sufficient to state a claim for retaliation and will require a response.

   V. Failure to State a Claim

      A. Retaliation

A viable First Amendment claim for retaliation must allege the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

To the extent plaintiff is attempting to allege any defendant other than Chamberlain retaliated against him, he fails to state a claim for relief. There are no facts demonstrating that the conduct of any of the other defendants was motivated by the complaint against Chamberlain.

      B. Grievances

To the extent plaintiff is attempting to state due process claims against Cochran and Quiring for the denial of his appeals, prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure," Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)), and these claims necessarily fail. Furthermore, while plaintiff does have a First Amendment right to petition, which includes a right to pursue available prison administrative remedies, O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996); see also Assyd v. Ariz. Dep't of Corr., 745 F. App'x 773, 774 (9th Cir. 2018) ("The district court erred by construing [the allegation that an officer refused to accept prisoner's grievance] as a due process claim rather than a First Amendment claim." (citing O'Keefe, 82 F.3d at 325)), there are no facts showing that plaintiff's right to petition was infringed. The facts clearly show that plaintiff was able to file his appeals. That his appeals were denied does not mean that he was denied the right to petition.

C. Deliberate Indifference

Although plaintiff indicates that he believes defendants violated his Eighth Amendment rights and were deliberately indifferent, it is unclear how he believes his Eighth Amendment rights were violated. To the extent plaintiff may be attempting to allege an Eighth Amendment violation based upon defendants' comments that he was not entitled to emergent mental health care, there is no indication that plaintiff was actually denied mental health treatment or that any defendant actually interfered with his ability to obtain mental health treatment. To sufficiently allege deliberate indifference to a serious medical need, plaintiff must show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

D. Equal Protection

To state a claim for violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1195 (9th Cir. 1998) (citations omitted). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

Plaintiff alleges that defendants discriminated against him because of his PTSD. However, he has not plead any facts demonstrating that defendants were motivated by his mental health status and regardless, mentally ill persons do not qualify as a protected class. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 445-46 (1985). Plaintiff also fails to allege facts sufficient to show that he was treated differently than other similarly situated inmates without a legitimate purpose, and his equal protection claim therefore fails.

////

E. Disciplinary Proceedings

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, an inmate subject to disciplinary sanctions that include the loss of good time credits must receive certain procedural protections, including the ability to call witnesses when it will not jeopardize prison safety. See id. at 563-66, 570-71 (outlining required procedural protections). In this case, plaintiff has not alleged the loss of any good time credits, and the Wolff court noted that its decision was not meant to "suggest . . . that the procedures required . . . for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges." Id. at 571 n.19. Since plaintiff does not allege the loss of any good-time credits, he may also demonstrate that he is entitled to the due process outlined in Wolff by alleging facts showing that the disciplinary caused a change in confinement that "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. O'Conner, 515 U.S. 472, 484 (1995).

The complaint does not allege any penalties other than a thirty-day loss of privileges, which is insufficient to show an atypical and significant hardship. See id., 515 U.S. at 485 ("Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law."); Baker v. Walker, No. 08-cv-1370 DAD P, 2008 WL 2705025, at *3, 2008 U.S. Dist. LEXIS 54808, at *9 (E.D. Cal. July 9, 2008) ("A temporary loss of privileges . . . does not 'present a dramatic departure from the basic conditions' of prison life." (quoting Sandin, 515 U.S. at 486)). Plaintiff has therefore failed to state a claim against Fisk for depriving him of due process during his disciplinary hearing.

VI. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable claims against defendants Fisk, Cochran, and Quiring or for deliberate indifference, denial of the right to petition, or violation of the rights to due process and equal protection. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Chamberlain on his claim that she retaliated against him or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his retaliation claim against defendant Chamberlain without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all claims against defendants Fisk, Cochran, and Quiring and for deliberate indifference, denial of the right to petition, and violation of the rights to due process and equal protection.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended
////

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated a claim for retaliation against defendant Chamberlain, and she will be required to respond to the complaint. Your other claims against Chamberlain and your allegations against defendants Fisk, Cochran, and Quiring are not sufficient, because you have not provided enough facts about what they did and why they acted the way they did.

You have a choice to make. You may either (1) proceed immediately on your retaliation claim against Chamberlain and voluntarily dismiss the other claims or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims against defendants Fisk, Cochran, and Quiring and all claims for deliberate indifference, denial of the right to petition, and violation of the rights to due process and equal protection. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims and information not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

////

8

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendants Fisk, Cochran, and Quiring and for deliberate indifference, denial of the right to petition, and violation of the rights to due process and equal protection do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his retaliation claim against defendant Chamberlain as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendants Fisk, Cochran, and Quiring and for deliberate indifference, denial of the right to petition, and violation of the rights to due process and equal protection.

DATED: July 9, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNAE RAJSHAN HOYT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY CHAMBERLAIN, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-1303 AC P<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his retaliation claim against defendant Chamberlain without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all claims against defendants Fisk, Cochran, and Quiring and for deliberate indifference, denial of the right to petition, and violation of the rights to due process and equal protection pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Johnae Rajshan Hoyt
　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1